# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JAGROOP KAUR,

                                        Petitioner,

        v.

Daniel A. BRIGHTMAN, Field Office Director of Enforcement and Removal Operations, ERO San Diego Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of the United States Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; EXECUTIVEOFFICE FOR IMMIGRATIONREVIEW; JEREMY CASEY, Warden, Imperial Regional Detention Facility,

                                        Respondents.

Case No.:  26cv0370 DMS DDL

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse.

Petitioner is a citizen and national of India.  (Pet. at 4.)  On July 6, 2024, she entered

26cv0370 DMS DDL

the United States and was encountered by U.S. Border Patrol. (*Id.*) She was processed and released the same day with a Notice to Appear before an immigration judge on December 13, 2024. (Pet., Ex. 1.)

On December 27, 2025, Petitioner was re-detained at an Immigration and Customs Enforcement ("ICE") checkpoint in Yuma, Arizona. (Pet. at 5.) She is currently detained at Imperial Regional Detention Facility. (*Id.*)

On January 21, 2026, Petitioner filed the present case seeking release from custody, or in the alternative, a bond hearing. She alleges her detention violates the Immigration and Nationality Act, the Due Process Clause, the Administrative Procedure Act, the Equal Protection Clause, and the Suspension Clause. Respondents do not address Petitioner's claims, but instead argue Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and is therefore entitled to a bond hearing.

In *Rodriguez Fernandez v. Noem*, Case No. 25cv3399 DMS KSC, this Court addressed a set of facts and claims similar to those presented here. *Rodriguez Fernandez*, ECF No. 8. Specifically, the petitioner there (1) entered the United States via an appointment with the CBP One mobile application, (2) was paroled into the United States, and (3) was later re-detained after appearing at a hearing in immigration court. *Id.* at 1-2. The Court agreed with the petitioner that his re-detention without notice or an opportunity to be heard was a violation of his due process rights, and ordered that he be released.

Here, Petitioner did not enter the United States through a CBP One appointment, but like the petitioner in *Rodriguez Fernandez*, she was released after being processed by border patrol officials and subsequently detained by ICE agents, albeit at an ICE checkpoint rather than in immigration court. Given the factual similarity between the cases, the reasoning of *Fernandez Rodriguez* applies equally here, and leads to the same conclusion.

Accordingly, the Petition for Writ of Habeas Corpus is granted. Respondents shall release Petitioner from custody within 48 hours of this Order's filing. Respondents shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral

26cv0370 DMS DDL

decisionmaker at which Respondents must prove there are material, changed circumstances related to flight risk or danger to the community that warrant Petitioner's re-detention. The parties shall file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated: March 20, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0370 DMS DDL